UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

SHELLY SUE BURROWS,

    Plaintiff,

v.

AT&T MOBILITY SERVICES LLC, a Foreign
Limited Liability Company,

    Defendant.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHELLY SUE BURROWS ("Ms. Burrows" or "Plaintiff") files this Complaint against Defendant, AT&T MOBILITY SERVICES LLC, ("ATT" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, her attorneys' fees and costs, and any and all relief available under the FMLA.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Indian River County, Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant and performed work for Defendant in Saint Lucie County, Florida.

6. Defendant is a Foreign Limited Liability Company telecommunication services in, among others, Indian River County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendant, most recently, as a Retail Sales Representative at its Indian River Store (No. 100030 22E6C) location in Vero Beach, Florida, location from May 16, 2010, until her unlawful and retaliatory termination on March 16, 2019.

10. As Defendant has long been aware, Plaintiff suffers from chronic medical conditions including, Multiple Sclerosis, radiculopathy, numbness, weakness, and extreme pain due to a disc herniation. These are considered serious health conditions under the FMLA.

11. From December 2018 through February 2019, Plaintiff suffered a great deal of pain, anxiety and stress due to her chronic, serious health conditions.

12. On March 7, 2019, Plaintiff therefore submitted FMLA paperwork to ATT so that she could avail herself of unpaid FMLA leave in order to treat and address her chronic, serious health conditions.

13. On March 14, 2019, Plaintiff received correspondence from Defendant notifying her of her eligibility for FMLA leave to treat and address her chronic, serious health conditions, and requesting medical certification from her treating physician by April 3, 2019.

14. Just two (2) days later, on March 16, 2019, Defendant informed Plaintiff that it had instead decided to terminate her employment after nearly a decade of loyal service to Defendant and its customers, effective immediately.

15. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Plaintiff notifying Defendant of her chronic, serious health condition, and in retaliation for Plaintiff attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

16. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempted use of what should have been approved FMLA protected leave.

17. Any reason stated for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

18. Defendant did not have a legitimate reason for Plaintiff's termination.

19. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

20. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20, above.

22. At all times relevant hereto, Plaintiff was protected by the FMLA.

23. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

24. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights during the certification process.

25. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- RETALIATION UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

30. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use of what should have been FMLA protected leave and for her request for FMLA leave

31. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

32. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 11th day of February 2021.

                                          Respectfully Submitted,

                                          By**:/s *Noah E. Storch***
                                          Noah E. Storch, Esq.
                                          Florida Bar No. 0085476
                                          Richard Celler Legal, P.A.
                                          10368 West State Road 84, Suite 103
                                          Davie, Florida 33324
                                          Telephone: (866) 344-9243
                                          Facsimile: (954) 337-2771
                                          E-mail: noah@floridaovertimelawyer.com
                                          *Attorneys for Plaintiff*